# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DONNELL CASON,              )
                           )

       Plaintiff,         )
                           )

vs.                        )     **Case No. 19-cv-00885-JPG**
                           )

MIKE HARE, and        )
MADISON COUNTY JAIL,  )
                           )

       Defendants.       )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Donnell Cason[1] brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights that occurred while he was a pretrial detainee at Madison County Jail. Plaintiff asserts claims related to a strip search, lockdown, and loss of personal property. (Doc. 1). He seeks monetary damages. (*Id.*).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint: On May 28, 2019, Sgt. Mike

---

[1] The Complaint also identifies Torioin Mosely and David Flynn as plaintiffs. However, neither individual signed the Complaint, and neither individual has filed any other document in this matter. Further, the allegations and claims do not mention them. The Court considers this action as being brought only by Donnell Cason. Mosely and Flynn are considered dismissed without prejudice and without the assessment of a filing fee from this action.

Hare came to the detainee cellblock and told Plaintiff to gather his things. (Doc. 1, p. 6). Hare took Plaintiff to the hallway in front of the cellblock, told him to strip, and threatened him with mace. (*Id.*). Officers Miller and Schmidt were also present. (*Id.*). Hare forced Plaintiff to stand naked in front of other inmates. (*Id.*, pp. 6, 10). Hare confiscated Plaintiff's underwear and t-shirt and told him he could not wear or possess clothing that belonged to other inmates. (*Id.*). Later, Plaintiff was placed on lockdown without a ticket or any disciplinary action. (*Id.*, p. 6).

## Preliminary Dismissals

### Madison County Jail

Plaintiff named Madison County Jail ("the Jail") as a defendant. However, the Jail is not a "person" subject to suit under Section 1983. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993). The Jail is not even a legal entity. Pursuant to Federal Rule of Civil Procedure 17, a defendant must have the legal capacity to be sued. *See* Fed. R. Civ. P. 17(b). When determining whether an entity has this capacity, federal courts look to state law. *Magnuson v. Cassarella*, 812 F. Supp. 824, 827 (N.D. Ill. 1992). The Jail is not considered a suable entity under Illinois law. *Isaacs v. St. Clair Cnty. Jail*, No. 08-0417-DRH, 2009 WL 211158, at *3-4 (S.D. Ill. Jan. 29, 2009); *Hedger v. HCP*, No. 18-cv-2081-JPG, 2019 WL 117986, at *2 (S.D. Ill. Jan. 7, 2019). Accordingly, Madison County Jail is dismissed with prejudice.

### Miller and Shmidt

Plaintiff makes allegations against Miller and Shmidt, but these individuals are not identified as defendants in the case caption. The Court will not treat individuals not listed in the caption as defendants, and any claims against Miller and Shmidt are considered dismissed without

prejudice. *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be specified in the caption).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to designate the following counts:

Count 1:     Eighth Amendment claim against Hare for the strip search on May 28, 2019 that was conducted in a harassing or humiliating manner.[2]

Count 2:     Fourteenth Amendment property loss claim against Hare for confiscating Plaintiff's underwear and t-shirt.

Count 3:     Fourteenth Amendment due process claim because Plaintiff was placed on lockdown for no reason.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designations do not constitute an opinion regarding their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[3]

*Count 1*

"A prisoner states a claim under the Eighth Amendment when he plausibly alleges that the strip-search in question was motivated by a desire to harass or humiliate rather than by a legitimate justification, such as the need for order and security in prisons." *King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015). "Even where prison authorities are able to identify a valid correctional

---

[2] To the extent Plaintiff alleges a violation of the Fourth Amendment related to the strip search, that claim fails and is considered dismissed with prejudice. *See Hudson v. Palmer*, 468 U.S. 517, 527 (1983) (holding that even if a strip search is unjustified the Fourth Amendment does not apply).

[3] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

justification for the search, it may still violate the Eighth Amendment if conducted in a harassing manner intended to humiliate and cause psychological pain." *Id.* The Complaint sets forth sufficient allegations for Count 1 to proceed against Defendant Hare.

*Count 2*

To state a property loss claim under the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property without due process of law. If the state provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). In that vein, the Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 Ill. Comp. Stat. 505/8 (1995). Thus, Plaintiff must pursue any claims for the loss of his property in the Illinois Court of Claims, and Count 2 is dismissed with prejudice from this action.

*Count 3*

Claims raised by pretrial detainees of unconstitutional conditions of confinement arise under the Due Process Clause of the Fourteenth Amendment. *See Smith v. Dart*, 803 F.3d 304 (7th Cir. 2015). The Seventh Circuit has indicated that "any nontrivial punishment of a [pretrial detainee is considered] a sufficient deprivation of liberty to entitle him to due process of law." *Holly v. Woolfolk*, 415 F.3d 678, 679-80 (7th Cir. 2005). Thus, "[a] pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less." *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002). Although Plaintiff alleges he was placed on lockdown without due process, he fails to associate this claim with any individual. He does not allege that Hare was responsible for placing

him on lockdown. To the extent he alleges this claim against the Madison County Jail, it has been dismissed. Count 3 is, therefore, dismissed without prejudice.

**<u>Disposition</u>**

**IT IS HEREBY ORDERED** that Count 1 will proceed against Defendant Hare.

**IT IS ORDERED** that Counts 2 and 3 are dismissed without prejudice for failure to state a claim for relief.

**IT IS ORDERED** that Madison County Jail is dismissed with prejudice and the Clerk of Court is **DIRECTED** to **TERMINATE** it as a party in this action.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendant Mike Hare: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit**

Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

**IT IS ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral*.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 15, 2019**

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**


**<u>Notice to Plaintiff</u>**

The Court will take the necessary steps to notify the Defendant of your lawsuit and serve him/her with a copy of your complaint. After service has been achieved, the Defendant will enter his/her appearance and file an Answer to your complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When the Defendant has filed an Answer, the Court will enter a Scheduling

Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the Defendant before filing any motions, to give the Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**