**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DONNELL CASON, #96270,** )<br>)<br>  **Plaintiff,**     )<br>)<br>vs.                  )<br>)<br>**MIKE HARE,**              )<br>)<br>  **Defendant.**    ) | Case No. 19-cv-00885-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

   This matter is before the Court for consideration of Defendant Mike Hare's Motions to Dismiss for Failure to Prosecute Claim.  (Docs. 28 and 32).  On August 13, 2019, Plaintiff Donnell Cason filed a Complaint pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights at Madison County Jail.  (Doc. 1).  Following screening of this matter pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed with an Eighth Amendment claim (Count 1) against Defendant for conducting a harassing and humiliating strip search on May 28, 2019.  (Doc. 7).  A Fourteenth Amendment property loss claim (Count 2) was dismissed with prejudice, and a Fourteenth Amendment due process claim (Count 3) was dismissed without prejudice.  (*Id*.).  Defendant filed an Answer to the Complaint on January 17, 2020.  (Doc. 22).

   On May 26, 2020, Defendant propounded discovery on Plaintiff.  (*See* Doc. 28, Ex. A).  Plaintiff did not respond, so Defendant's counsel sent Plaintiff a letter requesting responses on September 1, 2020.  (*See* Doc. 28, Ex. B).  Plaintiff still did not respond.  Defendant then filed a Motion to Compel Discovery Responses on September 11, 2020, and the Court granted the motion.  (Docs. 26 and 27).  The Court ordered Plaintiff to file written discovery responses on or before September 25, 2020, and warned Plaintiff that failure to do so could result in sanctions, including

1

dismissal of the action.  (*See* Doc. 27) (citing FED. R. CIV. P. 41).  When Plaintiff took no action by the deadline, Defendant filed a Motion to Dismiss for Failure to Prosecute Case on October 1, 2020.  (Doc. 28).  Defendant requested dismissal of the case with prejudice.  (*Id*.).  The Court entered an Order extending Plaintiff's response deadline to October 12, 2020, and again warned Plaintiff that his failure to respond would result in dismissal of the case.  (Doc. 29).  Plaintiff did not respond by the extended deadline, prompting Defendant to file a Second Motion to Dismiss on October 28, 2020.  (Doc. 32).  Defendant again requested dismissal of this action with prejudice based on Plaintiff's failure to prosecute his claim.  (*Id*.).

Several court orders mailed to Plaintiff were also returned to the Court undeliverable.  (*See* Docs. 26-1, 27, 29, 30, and 31).  Plaintiff failed to provide the Court with his updated address, in violation of several court orders requiring him to provide written notification of any address changes.  (*See* Docs. 3, 7, and 17).  He disregarded the Court's repeated warnings that his case would be dismissed with prejudice for failure to update his address.  (*Id*.).

Rule 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claims against it."  FED. R. CIV. P. 41(b).  The Court is vested with authority to grant a defendant's motion and dismiss a lawsuit for want of prosecution when a plaintiff has failed to prosecute his claims with due diligence.  *William v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998).  Plaintiff has failed to prosecute his claim here.  He has also failed to comply with the Court's Orders compelling written discovery responses (Docs. 27 and 29) and Orders to timely update his address (Docs. 3, 7, and 17).  Accordingly, Defendant Mike Hare's Motions to Dismiss for Failure to Prosecute Claim shall be granted.  (Doc. 28 and 32).

### Disposition

**IT IS ORDERED** that Defendant Mike Hare's Motions to Dismiss for Failure to Prosecute Claim (Docs. 28 and 32) are both **GRANTED**.  This action is **DISMISSED** with prejudice based on Plaintiff's failure to comply with multiple Court Orders (Docs. 3, 7, 17, 27, and 29)  and his failure to prosecute his claim herein.  *See* FED. R. CIV. P. 41(b).  The dismissal of this action does <u>not</u> count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case.  Accordingly, the $350.00 filing fee remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment.  FED. R. CIV. P. 4(A)(4).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467.  Finally, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: November 5, 2020**          s/J. Phil Gilbert
                                     **J. PHIL GILBERT**
                                     **United States District Judge**

3